SHEPARD, C.J.,
concurring in result.
Dr. Kho filed a common law claim of malicious prosecution, and it seems to me the trial court wrongly kept that claim from going to a jury, whether or not the medical malpractice statute creates some parallel private cause of action.
Kho’s claim of malicious prosecution rests on two contentions: that attorney Pennington did not have probable cause to sue him rather than other possible defendants, and that Pennington should not have used his name in her complaint.
*217 As to the first of these, I conclude that Pennington might well be right to say that Dr. Kho’s name appeared on a sufficient number of the documents generated during the course of Tracy Merle Lee’s treatment that she had grounds to include Kho in her lawsuit, at least pending further investigation.
I think the second part of Kho’s claim can be analyzed on very straightforward common law grounds. Malicious prosecution consists of five elements: prosecution, without probable cause, with malice, termination in favor of the original defendant, and damage to the defendant. 19 Indiana Law Encyclopedia, Malicious Prosecution § 1 (2003). Pennington did not have any reason to use Kho’s name. And, for malicious prosecution purposes, malice is merely “the doing of a wrongful act intentionally and without just cause or excuse therefor.” Id., § 17. Personal hatred or revenge may be probative of malice, but it is not a necessary element of it, and the law permits a finding of this malice as either express or implied. Id. Using Kho’s name in the complaint was “wrongful,” because the statute expressly prohibits doing so, and there appears no “just cause or excuse therefor.” That Pennington held no personal animosity toward Kho is not “just grounds or excuse” for using his name, and thus she was not entitled to summary judgment as respects malice.
For these reasons, I join in vacating summary judgment and remanding for trial.